**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**CINCINNATI DIVISION**

| | |
|---|---|
| IN RE: | Chapter 11 |
| HOPEDALE MINING LLC, et al., | Case No. 1:20-bk-12043 (GRH) |
| Debtors.[1] | (Jointly Administered) |
| | Hon. Guy R. Humphrey |
| GLASSRATNER ADVISORY & CAPITAL GROUP, LLC d/b/a B. RILEY ADVISORY SERVICES, the Liquidating Trustee of the Hopedale Creditors' Trust, | Adv. Pro No. 1:22-ap-01072 |
| Plaintiff, | |
| v. | |
| WESTON ENERGY, LLC, | |
| Defendant. | |

**JOINT PRELIMINARY PRETRIAL STATEMENT**

This is the joint pretrial statement of GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services (the "Trustee" or the "Plaintiff"), solely in its capacity as the trustee of the Hopedale Creditors' Trust (the "Liquidating Trust") and Weston Energy, LLC.

---

[1] The Debtors in these chapter 11 cases are (with the last four digits of their federal tax identification numbers in parentheses): Rhino GP LLC (8619) Rhino Resource Partners LP (7517), Rhino Energy LLC (6320), Rhino Trucking LLC (8773), Rhino Exploration LLC (8863), Triad Roof Support Systems LLC (1183), Springdale Land LLC (9816), McClane Canyon Mining LLC (3783), Rhino Northern Holdings LLC (1858), CAM-Ohio Real Estate LLC (1859), CAM-Colorado LLC (4269), Taylorville Mining LLC (5106), CAM Coal Trading LLC (4143), Castle Valley Mining LLC (9495), Jewell Valley Mining LLC (0270), Rhino Services LLC (3356), Rhino Oilfield Services LLC (8938), Rhino Technologies LLC (0994), CAM Mining LLC (2498), Rhino Coalfield Services LLC (3924), Hopedale Mining LLC (9060), CAM-Kentucky Real Estate LLC (9089), CAM-BB LLC (9097), Leesville Land LLC (7794), CAM Aircraft LLC (5467), Pennyrile Energy LLC (6095), Rhino Eastern LLC (1457), Rockhouse Land LLC (7702).

**I.     Appearances:**

The trial attorneys for the Trustee shall be T. Kent Barber of Barber Law PLLC, who is admitted to practice before this Court *pro hac vice*, and Shelly A. DeRousse and Elizabeth L. Janczak of Freeborn & Peters LLP, who are admitted to practice before this Court *pro hac vice*. There are other Freeborn & Peters LLP attorneys who may also participate at trial.

The trial counsel for Weston Energy, LLC shall be David A. Lockshaw, Jr., Esq. and Manuel D. Cardona, Esq. of Dickinson Wright PLLC, both of whom are admitted to practice before this Court. Jonathan L. Gold, Esq. of Dickinson Wright PLLC, and Brian A. Glasser and David A. Felice of Bailey & Glasser LLP, may participate upon *pro hac vice* admission to this Court.

**II.    Nature of Action, Jurisdiction and Venue:**

A.      This is an action for alleged fraudulent transfers and unlawful distributions totaling $9,248,165.16 and is brought pursuant to Sections 544, 548, and 550 of the Bankruptcy Code; Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure; Section 17-607 of the Delaware Revised Uniform Limited Partnership Act, 6 Del. C. Section 17-101, et seq.; and Section 1304 of the Delaware UFTA.

B.      Jurisdiction of this Court:

☒ is not disputed and is invoked under 28 U.S.C. §§ 157 and 1334(b) because this adversary proceeding arises under title 11 of the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code.
☐ is disputed.

C.      Venue of this Court:

☒ is proper.
☐ is not proper.

D.      This action is a:

☒ core proceeding.
☐ non-core proceeding.

E.      Core Proceeding:

1.      If it is alleged that this is a core proceeding, such allegation is based upon 28 U.S.C. § 157(b)(2).

2.      If it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution:

☒ consent is given for the bankruptcy judge to enter final orders and judgments in the alleged core proceeding.

☐ consent is not given for the bankruptcy judge to enter final orders and judgments in the alleged core proceeding.

F. Non-Core Proceeding:

If it is alleged that this is a non–core proceeding: (N/A)

☐ consent is given for the bankruptcy judge to enter final orders and judgments in the alleged non-core proceeding.

☐ consent is not given for the bankruptcy judge to enter final orders and judgments in the alleged non-core proceeding.

G. Are any of the following motions filed or to be filed:

|   | Yes | No |
|---|---|---|
| 1. Abstention | ___ | x |
| 2. Remand | ___ | x |
| 3. Withdrawal of the Reference | ___ | x |

H. If a jury demand has been timely filed, consent is/is not given for trial by jury by the bankruptcy judge. N/A. No jury demand has been made at this time.

**III. Statement of the Case:**

Trustee's Statement. The evidence will show that the Trustee is entitled to judgment because Defendant Weston Energy, LLC ("Weston") received two equity distributions totaling $9,248,165.16 at times when Rhino Resource Partners, LP and its wholly owned subsidiary Rhino Energy LLC (collectively, "Rhino") were insolvent, not able to pay debts as they came due, and had unreasonably small capital in relation to its business. As equity distributions, Rhino did not receive reasonably equivalent value in exchange for these transfers. In fact, Rhino was prohibited by Delaware law from making these distributions while insolvent. Additionally, numerous badges

of fraud exist which support a finding of actual intent to hinder, delay, or defraud Rhino's creditors including Rhino's insolvency; the transfers were made to Weston, an insider; the transfers were made in violation of Rhino's limited partnership agreement and applicable Delaware law; Rhino did not receive reasonably equivalent value for the transfers; and the transfers amounted to significant portions of Rhino's assets.

<u>Weston's Statement</u>.  The evidence will show that Weston Energy, LLC is entitled to judgment because Weston Energy did not engage in any wrongful conduct pursuant to Plaintiffs' allegations arising under Sections 544, 548, and 550 of the Bankruptcy Code; Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure; Section 17-607 of the Delaware Revised Uniform Limited Partnership Act, 6 Del. C. Section 17-101, et seq.; and/or Section 1304 of the Delaware UFTA.

Weston Energy submits that this proceeding is part of the Trustee's broader effort to recover funds for the creditors' trust – including the allegedly improper $9.2 million in distributions to Weston Energy.  In a companion proceeding filed in the Delaware Court of Chancery, the Trustee is seeking to recover the same $9.2 million against Weston Energy's designees to Rhino Resource Partners LP's governing board and seven (7) other directors and officers.  *Glassratner Advisory & Capital Group, LLC v. Tuorto*, C.A. No. 2022-0638-PAF (Del. Ch.) (filed July 21, 2022) (the "Delaware Action").  In the Delaware Action, the Trustee seeks to recover the $9.2 million against all the defendants based on the alleged of breach of the fiduciary duties of loyalty and care and the contractual duty of good faith.  In addition to the $9.2 million claim, the Trustee alleges that there were other conflicted transactions financially benefiting defendants other than the Weston Energy director designees (to the creditors' trust's detriment). The Trustee alleges that all the Rhino entities were insolvent at all times relevant to the Delaware

4

Action. Weston Energy submits that there are many factual issues that will be common to this proceeding and the Delaware Action such that the coordination of efforts would be beneficial, advance efficiency and reduce the risk of inconsistent outcomes. Presently, the defendants to the Delaware Action have an extension until November 14, 2022 to respond to the Trustee's complaint in that proceeding.

The Trustee acknowledges that there are likely to be factual issues in this proceeding that overlap with factual issues in the Delaware Action, but submits that the factual issues in this matter will be far narrower than the Delaware Action and the Trustee does not anticipate that any legal elements of the Trustee's claims or the defendants' defenses in the Delaware Action will overlap with this proceeding. Moreover, this proceeding has a materially different procedural posture than the Delaware Action given that Weston Energy answered the complaint in September 2022 and the Delaware Action defendants are not required to answer or otherwise plead until November 14, 2022. The Trustee is willing to coordinate efforts in both actions to the extent possible, but is not willing to delay discovery in this matter in order to proceed on the same schedule as the Delaware Action.

The parties are largely in agreement with the matters in this report, except with respect to the proposed discovery, dispositive motion, and trial dates. Each party's proposed dates are identified in the applicable section of this report, but are summarized in the chart below for reference.

| Event | Trustee Deadline | Weston Deadline |
|---|---|---|
| Fact Discovery | 3/31/2023 | 9/29/2023 |
| Plaintiff Expert Report | 5/31/2023 | 10/27/2023 |
| Defendant Rebuttal Expert Report | 7/15/2023 | 12/8/2023 |
| Supplemental Disclosures | 8/15/2023 (fact) Prior to deposition (expert) | September 29, 2023 |

| Event | Trustee Deadline | Weston Deadline |
|---|---|---|
| Expert Deposition(s) | 9/15/2023 | 1/19/2024 |
| Summary Judgment | 10/15/2023 | 2/2/2024 |
| Trial | 11/15/2023 | 5/1/2024 |

**IV.     Amendments/Motions:**

_____ (a) The attorney states that all amendments to pleadings and all pretrial motions, including all motions listed above, and all motions pursuant to Bankruptcy Rule 7012 and Bankruptcy Rule 7056, or motions which convert to a motion under Bankruptcy Rule 7056, have been filed, or

__x__ (b) If all amendments and pretrial motions have not been filed, the attorney states that the following amendments and motions are contemplated; (list or attach as an exhibit the specific amendments and motions and the proposed date(s) by which such will be filed.)

    Motion to Amend Answer:     Trustee proposed deadline: December 16, 2022
                                            Weston proposed deadline: January 13, 2023.

    Motions for Summary Judgment:     Trustee proposed deadline: October 15, 2023
                                                  Weston proposed deadline: February 2, 2024.

**V.     Issues of Fact and Law:**

    A.     The contested issues of fact are:

        1. Whether Rhino's liabilities exceeded its assets on the date of each of the transfers to Weston.

        2. Whether Rhino had unreasonably small capital for its business on the date of each of the transfers to Weston.

        3. Whether Rhino intended to incur or reasonably believed it would incur debts beyond its ability to pay as they came due on the date of each of the transfers to Weston.

        4. Whether Rhino received reasonably equivalent value in exchange for each of the transfers to Weston.

        5. Whether each of the transfers to Weston were made with intent to hinder, delay, or defraud any of Rhino's creditors.

  6. Whether Weston knew at the time of each transfer that, after giving effect to the transfers, Rhino's liabilities exceeded the fair value of its assets.

  7. Whether Weston received the transfers in good faith and for value.

  8. The parties reserve the right to supplement or amend this list as discovery unfolds.

 B. The contested issues of law are:

  1. Whether the Trustee's claims fail to state a claim upon which relief can be granted.

  2. Whether the Trustee's claims are barred, in whole or in part, by the statute of repose set forth in 6 Del. C. § 17-706(c).

  3. Whether Section 548(c) of the Bankruptcy Code provides with a viable affirmative defense in this case.

  4. The parties reserve the right to supplement or amend this list as discovery unfolds.

## VI. Discovery:

 A. **Initial Disclosures.**

The initial disclosures required by Rule 26(a)(1) Fed. R. Civ. P. have been or will be made on October 28, 2022.

 B. **Rule 26(f) Fed. R. Civ. P. Conference.**

The mandatory conference required by Rule 26(f) Fed. R. Civ. P. occurred on October 6, 2022.

 C. **Discovery Plan.**

In compliance with Rule 26(f) Fed. R. Civ. P., the following constitutes the parties' discovery plan (use separate paragraphs or subparagraphs if parties disagree):

  (a) Discovery will be needed on the following subjects: The claims and defenses at issue in this proceeding, including: The Weston Distributions and the Trustee's allegations related thereto arising under Sections 544, 548, and 550 of the Bankruptcy Code; Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure; Section 17-607 of the Delaware Revised Uniform Limited Partnership Act, 6 Del. C. Section 17-101, et seq.; and/or Section 1304 of the Delaware UFTA.

   Discovery will also be needed regarding Rhino's financial condition at the relevant times of the Weston Distributions, as well as regarding the statute of repose and Section 548(c) of the Bankruptcy Code and Weston's knowledge of Rhino's financial condition at the time of each transfer.

(b) All fact discovery commenced in time to be completed by:
   Trustee's position: March 31, 2023 (fact), September 15, 2023 (expert)
   Weston's position:  September 29, 2023 (fact),. January 19, 2024 (expert).

(c)  Maximum of 25 interrogatories by each party to any other party. [Responses due 30 days after service.]

(d) Maximum of 50 requests for admission by each party to any other party. [Responses due 30 days after service.]

(e) Maximum of 30 depositions by plaintiff and 30 by defendant.

(f) Each deposition limited to maximum of 7 hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) due:

   from plaintiff(s) by: May 31, 2023 (Trustee's position); October 27, 2023 (Weston's position)
   from defendant(s) by (date) July 15, 2023 (Trustee's position); December 8, 2023 (Weston's position)
   Expert deposition completed by September 15, 2023 (Trustee's position); January 19, 2024 (Weston's position)

(h) Supplementations under Rule 26(e) due August 15, 2023 (fact) and prior to depositions for experts (Trustee's position); September 29, 2023 (Weston's position).

**D.** **Other Agreed Upon Items.**

(a) Plaintiff does not intend to join additional parties or to amend the pleadings.

(b) Defendant should be allowed until December 16, 2022 (Trustee's position); January 13, 2023 (Weston's position) to join additional parties or to amend the pleadings.

(c) All potentially dispositive motions should be filed by October 15, 2023 (Trustee's position); February 2, 2024 (Weston's position).

(d) The parties are amenable to mediation under LBR 9019–2 at the appropriate time.

    (e) The proceeding should be ready for trial by November 15, 2023 (Trustee's position); May 1, 2024 (Weston's position) and at this time is expected to take approximately 5 trial days.

**VII.   Stipulations:**

    A.    The parties have not yet entered into written stipulations. Copies of all stipulations will be provided to the Court prior to trial.

**VIII.   Miscellaneous Matters:**

    **A.    Settlement:**

    1. No litigant is required to settle this proceeding; however, all litigants are required to engage in good faith settlement efforts which shall consist of at least one offer and one counteroffer by a party authorized to settle this proceeding. Without disclosing the contents of any settlement efforts, all parties shall set forth below: (a) the date(s) such settlement efforts were conducted, (b) the method(s) of communication employed and (c) the result(s) obtained:

    No settlement discussions have occurred, but the parties will aim to conduct settlement discussions prior to the deadline for the filing of summary judgment motions.

    2. Any settlement which occurs prior to the trial date shall be communicated promptly to the judge's courtroom deputy. Failure to make such communication may result in the imposition of costs.

    **B.    Pretrial Conference:**

The Court will order a pretrial conference if review of the Preliminary Pretrial Statement makes such appear necessary. If the Court does not order such a pretrial conference, does the attorney specifically request a pretrial conference? If so, why?

    None requested.

    **C.    Other Matters:**

On a date to be determined, the parties will have a further discovery conference to discuss ESI production, limitations, identification of custodians, confidentiality, and privilege issues.

Dated:  October 14, 2022  **BARBER LAW PLLC**

By: /s/ T. Kent Barber
    One of Its Attorneys

T. Kent Barber
3509 Caicos Court
Lexington, KY 40509
Telephone: 859.296.4372
kbarber@barberlawky.com

-and-

**FREEBORN & PETERS LLP**
Shelly A. DeRousse, Esq.*
Elizabeth L. Janczak, Esq.*
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@freeborn.com
ejanczak@freeborn.com
*Admitted Pro hac vice application*

*Counsel for GlassRatner Advisory & Capital Group, LLC d/b/a B. Riley Advisory Services, solely in its capacity as the Liquidating Trustee of the Hopedale Creditors' Trust*

10

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, a true and correct copy of the foregoing document was served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Ohio.

/s T. Kent Barber
T. Kent Barber

## JOINT FILING CERTIFICATION

The above preliminary pretrial statement is submitted jointly by the following parties:

/s/ T. Kent Barber
Barber Law PLLC
3509 Caicos Court
Lexington, KY 40509

-and-

Shelly A. DeRousse, Esq.*
Elizabeth L. Janczak, Esq.*
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
*Counsel for Plaintiff*

*/s/ Manuel D. Cardona*
David A. Lockshaw, Jr. (0082403)
Manuel D. Cardona (0098079)
DICKINSON WRIGHT PLLC
180 East Broad Street, Suite 3400
Columbus, Ohio 43215
(614) 744-2945
(844) 670-6009 (Fax)
dlockshaw@dickinsonwright.com
mcardona@dickinsonwright.com

David A. Felice (*pro hac vice forthcoming*)
BAILEY & GLASSER, LLP
Red Clay Center At Little Falls
2961 Centerville Road
Suite 302
Wilmington, DE 19808
(302) 504-6333
DFelice@baileyglasser.com

*Counsel for Defendant*